UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY M. SULLIVAN,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

Civil Action No.
08-CV-11713

HONORABLE PAUL D. BORMAN

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is a social security case. Plaintiff Jeffrey M. Sullivan ("Sullivan") challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. The matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings. Sullivan and the Commissioner filed cross motions for summary judgment. Magistrate Judge Whalen issued a report and recommendation ("R&R") in which he recommends that the Commissioner's motion [docket entry 13] be denied and that Sullivan's motion [docket entry 8] be granted.

On May 21, 2009, the Commissioner filed objections to the R&R. The court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, the Court will accept the R&R in part and reject it in part, grant the Commissioner's Motion for Summary Judgment, and deny Sullivan's Motion for Summary Judgment.

The background facts and procedural history have been adequately summarized by the Magistrate Judge in his R&R and need not be repeated here.  *See* R&R at 1-9.  As the Magistrate Judge notes, Sullivan advanced four main arguments as follows in support of his position that the ALJ's decision should be reversed: (1) the ALJ failed to adequately explain her reasons for rejecting the opinions of Sullivan's treating physicians, Drs. Iwanow and Churbaji; (2) the ALJ failed to consider the respective opinions of Sullivan's treating physicians when formulating the hypothetical question posed to the vocational expert ("VE"), thereby invalidating the VE's finding that Sullivan could perform certain sedentary work; (3) the ALJ failed to comply with SSR 00-4p (requiring the ALJ to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VE . . . and information in the *Dictionary of Occupational Titles* (DOT)" before relying on VE evidence); and (4) the ALJ's credibility determination is procedurally and substantially deficient.  Magistrate Judge Whalen found Sullivan's first argument persuasive and recommended that the matter be remanded to the Commissioner for further proceedings. The Magistrate Judge rejected Sullivan's remaining three arguments.

The Court agrees with the Magistrate Judge that Sullivan's second, third, and fourth arguments, outlined above, are unpersuasive and will therefore accept and adopt the Magistrate Judge's findings and conclusions with regard to these arguments as the findings and conclusions of the Court.

However, the Court disagrees with the Magistrate Judge's recommendation that this case should be remanded on the basis of Sullivan's first argument.  In its objections, the Commissioner argues that the record in this case allowed the ALJ to afford "less than controlling weight to the opinions of" Sullivan's treating physicians, Drs. Churbaji and Iwanow.   Specifically, the

Commissioner argues that the ALJ gave adequate reasons for rejecting the medical opinions of Dr. Churbaji. Moreover, with regard to Dr. Iwanow, the Commissioner contends that the ALJ accepted his medical opinions to the extent they were not statements of disability. As stated by the Commissioner, "[s]ince there was no opinion other than statements of disability, there was no reason for the ALJ to assign any particular weight to Dr. Iganow's statement."

The Court agrees with both arguments advanced by the Commissioner. The Court notes, as does the Commissioner in its objections, that the ALJ accepted several of the limitations set forth by Dr. Churbaji. Moreover, the ALJ gave sufficient reasons for rejecting Dr. Churbaji's medical opinion that Sullivan could stand or walk for less than two hours per day, stating that Sullivan "was neurologically intact," "had negative straight leg raising," and that "Dr. Churbaji does not describe findings on physical examination, other than vital signs for each office visit." The ALJ also noted that Dr. Churbaji's opinion was in conflict with that of Dr. Vargas, who opined that Sullivan had the capacity for light work.

Finally, the ALJ gave adequate reasons for discounting the opinion of Dr. Iganow. The ALJ noted that while Dr. Iganow stated that Sullivan "had a 'very bad back in regard to his x-ray findings' and expressed doubts as to whether [Sullivan] could sit long enough to perform sedentary work," his "straight leg rising was negative" and "[n]o neurological abnormalities were reported."

What the Sixth Circuit held in *Allen v. Comm'r of Soc. Sec.*, 561 F3d 646, 651 (6th Cir. 2009), applies as well to the instant case:

> The ALJ in this case accepted some of Dr. McCord's opinions, rejected others as speculative, and gave others no weight because they dealt with decisions reserved exclusively to the Commissioner. The ALJ provided good reasons to support each of these conclusions.

3

Accordingly,

IT IS ORDERED that the Magistrate Judge's R&R is ACCEPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Commissioner's Motion for Summary Judgment [docket entry 13] is GRANTED.

IT IS FURTHER ORDERED that Sullivan's Motion for Summary Judgment [docket entry 8] is DENIED.

IT IS FURTHER ORDERED that the Commissioner's objections are SUSTAINED.


                                                S/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 14, 2009.

               S/Denise Goodine
               Case Manager